UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 12-CR-20010 |
| ) | |
| LARRY DEAN GIBBS, ) | |
| ) | |
| Defendant. ) | |

## OPINION

On February 8, 2012, Defendant, Larry Dean Gibbs, was charged by indictment (#1) with two counts of filing a false income tax return, in violation of 26 U.S.C. § 7206(1). On March 7, 2012, Defendant appeared before Magistrate Judge David G. Bernthal. Judge Bernthal advised Defendant of his rights, including his right to counsel. Defendant advised Judge Bernthal that he intended to retain counsel but that counsel could not be present that day. Defendant requested to proceed with arraignment without the presence of counsel and an arraignment and bond hearing were held. Judge Bernthal ordered that Defendant was released on $10,000 unsecured bond with special conditions. An Order Setting Conditions of Release (#10) was signed by Defendant and entered by Judge Bernthal .

On April 4, 2012, Defendant sent various documents to the court which were docketed as a letter (#12). These documents referred to "larry dean gibbs" as executor of "LARRY DEAN GIBBS, Estate" and as a "Non-Adverse Party, Alive." In these documents, Defendant disputed what had occurred before Judge Bernthal and, among other statements which made little or no sense, stated "the U.S. citizen/DEFENDANT presented is a legal fiction and Commercial entity of and for the living man."

A hearing was held before this court on April 26, 2012. Defendant appeared without counsel. This court discussed Defendant's filings and informed Defendant that they were nonsense and did not affect the serious charges against Defendant, which could result in Defendant being a convicted felon. Defendant stated that he wanted to retain counsel. This court granted Defendant's request for additional time to obtain an attorney to represent him. The jury trial set for May 14, 2012, was vacated, and a status conference was set for June 12, 2012, at 3:00 p.m. by personal appearance. This court stated that Defendant's bond remained in effect.

Apparently undeterred by this court's discussion with him on April 26, 2012, Defendant filed more documents (#13) on May 17, 2012. Defendant filed two documents entitled "Private Registered Bonded Promissory Note" one in the amount of $40,000 and one in the amount of $50,000. Both were signed by "larry dean gibbs" as "authorized representative, beneficiary, acceptor non-adverse party" for "LARRY DEAN GIBBS." Defendant also filed copies of the Order Setting Conditions of Bond on which he stamped, on each page, the language "THESE COMMERCIAL INSTRUMENTS ARE ACCEPTED FOR VALUE AND RETURNED FOR VALUE AND PRESENTED FOR ENTRY TO THE RECORD accepted by larry dean gibbs." Defendant also filed a statement of numerous corrections he wanted made to the minute entry for the hearing held on April 26, 2012. For example, Defendant wanted the minutes changed to state that Defendant LARRY DEAN GIBBS appeared in person "and by acceptor larry dean gibbs." He also wanted the minutes to state that Defendant "through the acceptor" requested additional time to retain counsel.

After Defendant's latest filing was brought to this court's attention, this court concluded that an Order is necessary to dissuade Defendant from continuing to file documents which call this court's authority into question and which attempt to assert that Defendant is an entity other than the person charged with criminal offenses in this case. These types of arguments have not and cannot be successful.

A recent decision of the Seventh Circuit Court of Appeals addressed a situation where the defendants made similar attempts to challenge the authority and jurisdiction of the court. United States v. Benabe, 654 F.3d 753 (7th Cir. 2011). In Benabe, one of the defendants referred to himself as "a secured party creditor . . . third-party intervenor" and claimed that he was not the person named in the indictment because his name was not spelled with all capital letters (as it was in the indictment). Benabe, 654 F.3d at 762. Another defendant also claimed that he was "a secured-party creditor, third-party intervenor" and was not the "all-capital, corporate fiction person, debtor, straw man" named in the indictment. Benabe, 654 F.3d at 764. When the defendants refused to refrain from making these arguments, the district court ordered them removed from their trial in order to prevent them from disrupting jury selection and tainting the panel of prospective jurors. Benabe, 654 F.3d at 765. The jury trial proceeded without them and the defendants were found guilty of the charges against them. Benabe, 654 F.3d at 757. Both defendants were sentenced to life imprisonment. Benabe, 654 F.3d at 757.

On appeal, the Seventh Circuit found that the district court acted properly, noting that the court "was rightly concerned that Delatorre and Benabe would speak out of turn and

espouse their theories in front of the jury, causing confusion, prejudicing their co-defendants, and tainting a carefully screened jury pool." Benabe, 654 F.3d at 766. The Seventh Circuit noted that it had "repeatedly rejected their theories of individual sovereignty, immunity from prosecution, and their ilk." Benabe, 654 F.3d at 767. The court stated that "[r]egardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts." Benabe, 654 F.3d at 767; see also United States v. Cochran, 2009 WL 4638836, at *10 (N.D. Ind. 2009) (the court rejected the defendant's contentions that the court lacked jurisdiction over both the charges and over him as a flesh-and-blood man, stating that the defendant's "arguments in this vein, no matter how deeply he mines them, are meritless").

In another instructive case, the defendant sent documents to the district court judge insisting that the judge and other court personnel were required to pay him for the use of his name under the terms of a "contract and security agreement." United States v. James, 328 F.3d 953, 956 (7th Cir. 2003). The judge directed the defendant to cease mailing these documents, and the defendant refused to comply. James, 328 F.3d at 956. After the defendant was convicted of the charges against him, the defendant was sentenced to a term of 270 months in the Federal Bureau of Prisons. James, 328 F.3d at 955. At sentencing, the judge added two offense levels under the sentencing guidelines for obstruction of justice based on the defendant's refusal to comply with the judge's order to cease mailing documents. James, 328 F.3d at 956. The Seventh Circuit affirmed this ruling, stating that the defendant "should thank his lucky stars that he was not held in contempt of court for

4

disobeying the judge's order to desist." James, 328 F.3d at 957.  The Seventh Circuit also discussed the defendant's "wacky" defense that he was not subject to the this country's laws because of his ancestry.  James, 328 F.3d at 954.  The court stated:

> Laws of the United States apply to all persons within its borders. Even if James were not a citizen of the United States (though he is, having been born here), he would be obliged to respect the laws of this nation.

James, 328 F.3d at 954.

Based upon the cited case law, this court concludes that the documents filed by Defendant raise issues and arguments which are completely without merit.  This court therefore hereby orders Defendant to stop filing documents with this court which challenge this court's authority and attempt to show that Defendant is any entity other than the Defendant who has been charged with criminal offenses in this case.  If Defendant refuses to comply with this order, Defendant may be subject to a finding of contempt of court and the revocation of his bond.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Letter (#12) and Certificate of Mailing (#13) are STRICKEN.

(2) Defendant is ordered to stop filing documents with this court which challenge this court's authority and attempt to show that Defendant is any entity other than the Defendant who has been charged with criminal offenses in this case.  If Defendant refuses to comply

with this order, Defendant may be subject to a finding of contempt of court and the revocation of his bond.

(3) This case remains scheduled for a status conference by personal appearance on June 12, 2012, at 3:00 p.m. This court strongly advises Defendant to retain counsel prior to this hearing.

ENTERED this 7th day of June, 2012

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE